Ross-Adseal, Inc. v. Commissioner.
Ross-Adseal, Inc. v. Commissioner
Docket No. 20453.
United States Tax Court
1951 Tax Ct. Memo LEXIS 222; 10 T.C.M. (CCH) 501; T.C.M. (RIA) 51150; May 23, 1951
*222 Petitioner is not entitled to the deduction in 1945 of the cost of certain construction in that year claimed as the cost of leasehold improvements. Albert Stump, Esq., 544 Consolidated Building, Indianapolis, Indiana, for the petitioner. John O. Durkan, Esq., for the respondent. LEECH Memorandum Findings of Fact and Opinion LEECH, Judge: The petitioner requests redetermination of the following deficiencies: Income
Excess-Profits
Year
Tax
Tax
1942
$ 227.42
1944
$6,323.98
1945
1,846.41
8,381.87
As originally filed, the petitioner asks redetermination of income tax deficiencies for the years 1941 and 1944 and excess-profits tax deficiencies for the years 1941 and 1943, but in so far as the petition related to these deficiencies, on January 5, 1949, on motion of respondent, it was dismissed for lack of jurisdiction. The only issue presented was the correctness of respondent's action in disallowing certain deductions by petitioner in 1945 and 1946 of the cost of leasehold improvements made in those years. There is no deficiency asserted for 1946, petitioner having sustained a net loss in that year, and the deduction for that *223 year is considered only in connection with the treatment by petitioner for tax purposes of expenditures made during both of those years for leasehold improvements. Findings of Fact The petitioner is an Indiana corporation with principal office at 738 Lord Street, Indianapolis, Indiana. Its returns for the years here in question were filed with the collector of internal revenue for the Indiana collection district, at Indianapolis, Indiana. Petitioner for many years prior to the years in question was engaged in the manufacture of metal name plates and embossed items for the automotive and other trades. Its books of account were kept and its returns filed upon the accrual basis of accounting. Petitioner acquired its present place of business at 738 Lord Street, Indianapolis, Indiana, in 1935 by lease from the New York Central Railroad Company, the owner of the building. This lease was for a period of five years, with the right of renewal for an additional term of five years, and expired July 1, 1945. Several months prior to the expiration of the aforementioned lease, petitioner took up with the New York Central Railroad Company the question of a new lease of the property and *224 was advised by the railroad company that it was willing to execute a new lease similar to the prior lease for a term of 10 years. It was the desire of petitioner, however, to secure a lease for one year, and this was finally agreed to by the railroad company and a lease prepared covering the term from July 1, 1945 to July 1, 1946, with the provision that if petitioner held over after the expiration date the lease would continue with the right to either party to terminate on giving 30 days' notice. Subsequent to the preparation of this lease, petitioner conceived the idea of obtaining the lease upon an adjoining lot which was occupied by an old and dilapidated residence and which also belonged to the railroad company. Petitioner desired to use these additional premises for storage purposes. As a result of negotiations with the railroad company the lease was amended to include the additional property and the house thereon was sold to petitioner by the railroad company for a nominal consideration of one dollar, petitioner agreeing to raze the house and fill and grade the lot. Subsequent to the execution of this amended lease and the acquisition of the additional property, petitioner *225 found it necessary to expand its activities as a result of certain contracts obtained from the United States Navy, and decided, instead of using the adjoining lot for open storage, to construct thereon a building for storage and manufacturing purposes. It employed an architect and, after adopting plans, secured a contractor. The work of construction of the new building was begun shortly after July 1, 1945. The work of the contractor on the construction of the building proper was completed within the year 1945 at a cost of $15,059.28. In the year 1946 the total building was completed by wiring and plumbing contractors at a cost of $4,624.97, and steel partitions which cost $733.97, or a total of $5,358.94. The building was one-story and of concrete block construction with brick veneered front wall. The tenancy of the leased property by the petitioner was continued unbroken since the execution of the formal lease in the year 1945. It was occupying the leased premises, together with the building erected thereon, at the time of the hearing of this proceeding. In filing its returns for the year 1945 the petitioner deducted $15,059.28 as the building cost incurred in that year, and *226 in that for 1946 deducted the sum of $5,358.94 as the building cost incurred in that year. These deductions were both claimed as expenses of operation. In determining the present deficiencies, respondent disallowed these deductions, holding that the expenditures were capital in character and were to be recovered by depreciation on the basis of the useful life of the building. He allowed as deductions depreciation for each of those years on this basis. Opinion Petitioner contends that the contested deductions of its cost of the building were deductible in the year these costs were incurred, due to the fact that the expenditures were made upon leased property where the lease was for a one-year period. It is petitioner's position that even though the improvements are permanent in character, the deduction of their cost may be taken over the period of the lease. It is true that there are many instances where it is proper to recover the cost of leasehold improvements over the term of the lease where there is no prospect or intention on the part of the lessee to extend the tenancy. However, under the present circumstances, we agree with the position of the respondent. The rule appears *227 clear that where permanent improvements having a life far in excess of the term of the lease are put on the leased premises by the lessee, the proper method for the recovery of the investment is by a deduction for depreciation of such improvements based upon their life, adjustment of the unrecovered cost of the improvements to be made if and when the use of the property is surrendered by the lessee prior to the recovery of the total cost by such deductions. In , the petitioner made expensive permanent improvements to leased premises which it held under short-term leases re-executed from time to time. In this case we said: "The picture thus portrayed makes the situation subject to the rule that where the tenancy of the lessee is for an indefinite period the allowance for exhaustion of the cost of improvements should be based upon the life of the improvements. , affirming ; ; cf. , affirming ; ; *228 ; . In , the court stated: "'* * * We are of opinion that the period of the lease is not controlling where it is shown that the tenancy extended for a period substantially beyond the taxable year in which the adjustment for the improvements is claimed. In the present case the tenancy was still continuing at the time the stipulation was made in 1927, and, for ought that appears in the record, it is still in existence. It may well be that, if the tenancy had terminated prior to or at the end of the taxable year, a different case would be presented; but the taxing authorities are not confined to any fixed or rigid rule in applying the statute, since each case must depend largely upon its own facts. * * *'" Here the improvements were permanent, having a life far exceeding that of the original one-year term of the lease, and petitioner's tenancy has extended much beyond the years in which the improvements were made and was in effect at the time of the hearing of this proceeding. Under these conditions, respondent's action in allowing deduction *229 only of depreciation based upon the life of the improvements is approved. Decision will be entered for the respondent.